**In re GAINES.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V94-72787.

Decided Oct. 8, 1996.

*Betty D. Montgomery*, Attorney General, for the state.

STRAUSBAUGH, Judge.

This matter came on to be considered upon the Attorney General's appeal from the May 30, 1996, order issued by the panel of commissioners. The panel's determination affirmed the decision of the single commissioner, which granted

the applicant's claim for an award of reparations. The single commissioner found that the applicant, John L. Gaines, had demonstrated good cause for his failure to report the criminally injurious conduct to law enforcement officials within seventy-two hours of its occurrence as required by R.C. 2743.60(A).

R.C. 2743.52(A) places the burden of proof on an applicant to satisfy the Court of Claims Commissioners that the requirements for an award have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374. The panel found, upon review of the evidence, that the applicant presented sufficient evidence to meet his burden.

The standard for reviewing claims appealed to the court is established by R.C. 2743.61, which provides, in pertinent part:

"If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

The applicant alleged that the reason for his delay in reporting the June 7, 1994 incident to law enforcement authorities was that he did not know the extent and seriousness of his injuries until June 12, 1994, when it was determined that he had a broken jaw. The medical documentation in the claim file shows that the applicant did not seek treatment until June 12, 1994, and was hospitalized for surgery on his jaw from June 15, 1994, to June 17, 1994. The applicant delayed reporting the incident to police until June 22, 1994.

The single commissioner relied on the decision in *In re Lee* (Jan. 24, 1986), Ct. of Cl. No. V85–60127sc, unreported, wherein the single commissioner held that good cause exists where the applicant believes his injuries are not serious enough to require medical treatment.

The Attorney General relies on the court's reasoning in *In re Hensley* (Dec. 8, 1983), Ct. of Cl. No. V82–39798jud, unreported, which held that the good cause requirement is not met where the applicant did not make a timely report due to the pain which he suffered, his preoccupation with obtaining medical treatment and the fact that he did not recognize the offenders. The Attorney General argues that the good cause exception to the reporting requirement was never intended to give victims the ability to decide which crimes should be reported and which should not. On the contrary, all crimes should be reported and law enforcement authorities can then decide which incidents warrant further investigation.

■ The court finds that the Attorney General's argument is well taken and finds that the good cause exception is not met upon a mere showing that the applicant did not realize the extent of his injuries. Furthermore, in the instant case, the applicant delayed in reporting the incident for ten days after learning his jaw was broken.

Upon review of the file in this matter, the court finds that the panel of commissioners was arbitrary in finding that the applicant did show, by a preponderance of the evidence, that he was entitled to an award of reparations.

Based on the evidence and R.C. 2743.61, it is the court's opinion that the decision of the panel of commissioners was unreasonable. Therefore, this court reverses the decision of the three-commissioner panel, and hereby denies the applicant's claim.

Upon review of the evidence, the court finds that the order of the panel of commissioners must be reversed and the Attorney General's appeal must be granted.

IT IS HEREBY ORDERED THAT:

1. The order of May 30, 1996 is REVERSED;

2. This claim is DENIED and judgment entered for the state of Ohio;

3. Costs assumed by the reparations fund.

*So ordered.*

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.